**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.  4:06-CR-00284-04-BRW
 4:11-CV-00664-BRW

**CARL TYRELL ROSS**

## ORDER

Pending is Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 159). The Prosecution has responded.[1] For the following reasons, Petitioner's Motion is DENIED.

**I.  BACKGROUND**

On October 28, 2009, Petitioner pled guilty to conspiracy to possess 50 grams or more of cocaine base with intent to distribute.[2] On March 2, 2010, he was sentenced to 240 months in prison and 10 years of supervised release.[3] The Judgment was entered the same day.[4] Petitioner filed the instant Motion on September 1, 2011.[5]

**II.  DISCUSSION**

Petitioner asserts three claims of ineffective assistance of counsel. First, Petitioner argues that his counsel, Mr. Blake Hendrix, was ineffective for failing to file a notice of appeal despite Petitioner's request that he do so. Second, Petitioner contends that his counsel was ineffective for

---

[1] Doc. No. 162.

[2] Doc. No. 140.

[3] Doc. No. 152.

[4] Doc. No. 153.

[5] Doc. No. 159.

1

allowing him to plead guilty even though there was insufficient evidence to prove his guilt. Lastly, Petitioner alleges that Mr. Hendrix failed to explain the significance of the waiver contained in the plea agreement, which led to Petitioner's involuntary guilty plea.

The Prosecution argues that Petitioner's Motion is time-barred because it was filed outside of the one year statute of limitations period.[6] In the alternative, the Prosecution contends that Petitioner's Motion is without merit.

### A. Statute of Limitations.

Title 28 U.S.C. § 2255(f) mandates that a one year statute of limitations period apply to all motions filed under 28 U.S.C. § 2255. The Prosecution argues that the one year limitation period began running when Petitioner's judgment of conviction became final.[7] An un-appealed criminal judgment becomes final, for purposes of calculating the one-year period, specified under 28 U.S.C. § 2255, when the ten-day period for filing a notice of appeal expires.[8] Because Petitioner did not file a direct appeal to the Eighth Circuit, the statute of limitations began to run on March 12, 2010, and expired on March 12, 2011. Petitioner's Motion is dated January 6, 2011; however, it was not filed with the clerk's office until September 1, 2011, – 173 days after the statute of limitations expired.[9]

The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is available to a § 2255 movant, "but is available only where 'an attorney's behavior may be so

---

[6] 28 U.S.C. § 2255(f).

[7] Doc. No. 162.

[8] *Anjulo-Lopez,* 541 F.3d 814, 816 (8th Cir. 2008).

[9] Doc. No. 159. Also, the envelope which Petitioner used to mail his Motion to the Court is date stamped August 29, 2011.

2

outrageous or so incompetent as to render it extraordinary.'"[10] The extraordinary circumstances cannot be attributable to the petitioner and they must be beyond his control.[11] "[T]he petitioner must also demonstrate he acted with due diligence in pursuing his petition."[12]

Petitioner offers no evidence that would justify equitable tolling. While he argues that his trial counsel failed to file a notice of appeal, the Prosecution has offered the affidavit of Petitioner's counsel that convinces me that Petitioner neither wished to appeal his conviction, nor asked his counsel to appeal. In his affidavit, Mr. Hendrix asserts that Petitioner never advised him to appeal his sentence.[13] He states that:

> [i]t is my practice to be very careful about a client's right to appeal, and I have numerous times in my career filed a notice of appeal if the client's statements were ambiguous or if I have not received a definitive notice from the client that he or she did not wish to appeal by the deadline for filing the notice. In this case, it is my memory that Mr. Ross wished to cooperate to try to receive a lesser sentence, not to appeal the sentence given.

Even if I accept Petitioner's allegation as true, he was not diligent in pursuing his § 2255 Motion. He waited over 538 days from the date his judgment was entered to file his current Motion. If Petitioner asked Mr. Hendrix to file an appeal, he never inquired whether a notice of appeal was actually filed or about the status of the appeal. Therefore, I cannot find that Petitioner is entitled to equitable tolling.

On October 3, 2011, I sent a letter and a copy of this Order to both parties asking for comments by October 17, 2011. I did not receive any.

---

[10] *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (quoting *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)).

[11] *Id.*

[12] *Id.*

[13] Doc. No. 16, Ex. A.

3

## CONCLUSION

Since it was filed after the expiration of limitations provisions of § 2255, Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 159) is DENIED.

IT IS SO ORDERED this 20th day of October, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE